# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**JAMES L. FOX**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 4:12CV26-LRA**

**THE GEO GROUP, ET AL**                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

James L. Fox, *pro se,* [hereinafter "Plaintiff"] and Attorney Robert T. Bailey,

counsel for The GEO Group, Inc. [hereinafter "Defendant" or "GEO"], appeared before the

undersigned United States Magistrate Judge on the 18th day of October, 2012, at the

Federal Courthouse in Jackson, Mississippi, for an omnibus hearing.  Defendants Sandra

Atwood and Sharp, nurses, and Dr. Fisher, all of whom were no longer employed by GEO

Group, have not been served with process.  The Court scheduled this hearing for various

pretrial purposes, including a *Spears* hearing.  The hearing was conducted in an attempt to

insure the just determination of this *pro se* prisoner litigation and to determine whether or

not Plaintiff's claims were supported by a factual or legal basis.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to

prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at

any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in

forma pauperis* status, Section 1915(e)(2) applies to his case.

Fox was a state inmate incarcerated in the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, during the period of time covered by the Complaint.  He is now housed at the State Penitentiary in Parchman, Mississippi.

Plaintiff explained his claims under oath at the hearing.  According to Plaintiff, he has had an eye disease, keratoconus, for about seven years.  Keratoconus is a condition in which the normally round shape of the cornea is distorted and a cone-like bulge develops, resulting in significant visual impairment.  After he was housed at EMCF, GEO sent him to an "outside clinic" for this eye disease.  Now, Plaintiff wants to have surgery but the doctor told him that it would not help.   He has worried himself sick about his eyes and is afraid he will lose his sight.  These Defendants have made disrespectful remarks to him regarding his sight.  He does not really know if surgery will help but wants to try it.  He believes that Defendant Dr. Fisher is "holding back" and will not help him like he should.  Dr. Fisher has checked his eyes on three or four occasions but does not care about his eyes, according to Plaintiff.  He has prescribed medication for eye pain for Plaintiff.

Although Plaintiff's written complaint was lengthy, he summarized his claims by testifying that he believes he needs eye surgery and that EMCF won't let him have the surgery.  His eyes were treated by various doctors while at EMCF, but they would not provide the surgery; he is not satisfied with what the doctors tell him.  Plaintiff confirmed that EMCF did send him to "outside" doctors on multiple occasions.  When he asked to have the surgery, EMCF refused.  Plaintiff filed in this case the written proceedings relating

2

to the complaint he filed with the Administrative Remedy Program [ARP], and the Court

has considered these documents in rendering this opinion.  Nurse Atwood wrote on March

3, 2008, that Plaintiff saw Dr. Butler in August 2007;  Dr. Butler told him he was not a

candidate for surgery;  Dr. Butler was the final authority as to this issue.  The ARP response

also states that Plaintiff was scheduled to see Dr. Butler again on February 27, 2008, but

Plaintiff left without informing the medical personnel.

Plaintiff's ARP response dated December 22, 2011, stated that Plaintiff saw Dr.

Fisher on July 19, 2011, and again on August 16, 2011.  The response confirms that he was

also seen by Dr. Moore on June 16, 2011, for eye drops.  Neither party disputes the

accuracy of the information contained in the ARP proceedings.

Considering every assertion by Plaintiff as true, the Court still finds that he has failed

to state a **constitutional** claim or a claim upon which relief can be granted.  Plaintiff's

allegations equal only contentions that these Defendants have been negligent in their

handling of his complaints regarding his eye care.   42 U.S.C. § 1983 has never been

interpreted to provide that simple negligence on the part of a prison official is a basis for a

constitutional violation.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*,

414 U.S. 344 (1986); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The Eighth Amendment prohibition against cruel and unusual punishment forbids

deliberate indifference to the serious medical needs of prisoners.  *Estelle v. Gamble*, 429

U.S. 97, 104 (1976).  The Fifth Circuit Court of Appeals has clearly stated that

"[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In this case, Plaintiff only charges that Defendants refuse to get him the eye surgery that he claims he needs. Yet Plaintiff acknowledges that he is not even certain that surgery is the right treatment, and he acknowledges that he has been seen by physicians for his eyes on many occasions. He is also no longer housed at EMCF, and any care he receives at this time is no longer provided by these Defendants. The circumstances in this case are not so exceptional so as to constitute "deliberate indifference" to Plaintiff's serious medical needs and do not rise to a constitutional violation.

In *Gobert*, the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him

> incorrectly, or engaged in any similar conduct that would
> clearly evince a wanton disregard for any serious medical
> needs.'"  "Deliberate indifference 'is an extremely high standard
> to meet.'"

463 F.3d at 346 (citations and footnotes omitted).

Plaintiff's own testimony, as well as the pleadings, confirm that he was provided with conservative, non-surgical treatment for his eyes while he was housed at EMCF.  The Court finds that this regular treatment prevents any finding that Plaintiff was being mistreated or that any Defendant acted with subjective deliberate indifference.  Case law from the Fifth Circuit confirms that Plaintiff is not entitled to his *choice* of treatments. *Gobert ,* 463 F.3d at 346; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).  The Court cannot second-guess the medical decisions made by prison personnel in such circumstances.

The Court finds that Fox cannot maintain his action under the controlling law governing actions brought under 42  U.S.C. § 1983.  Under the case of *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), as modified by *Neitzke v. Williams*, 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.  Given these undisputed facts, and based on the totality of the circumstances, the Court concludes as a matter of law that these Defendants did not violate the United States Constitution regarding Plaintiff's medical care for his eye disease.  Fox's claims have no basis either in

law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted.

For these reasons, IT IS HEREBY ORDERED that this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii).  Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 15th day of October 2013.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[1]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).